# INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 349, AFL-CIO v. METROPOLITAN DADE COUNTY, BOARD OF RULES AND APPEALS

Case No. 83-134 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

January 4, 1984

## APPEARANCES OF COUNSEL

**Irving Weinsoff** and **Alan Eichenbaum** for petitioner.

**Robert A. Ginsburg,** Dade County Attorney, and **Deborah Bovarnich Mastin,** Assistant County Attorney, for respondent.

Before RIVKIND, SALMON, BARAD, JJ.

## OPINION OF THE COURT

PER CURIAM.

By petition for Writ for Certiorari, we are asked to review a Final Order of the Metropolitan Dade County Board of Rules and Appeals on April 11, 1983, which approved low voltage wiring electrical

installations without electrical permit or inspections, as required by the South Florida Building Code.

For reasons set forth herein, we grant the Writ requested by Petitioner, the International Brotherhood of Electrical Workers, Local 349, AFL-CIO, and quash the Final Order.

The powers of the Board are set forth in Section 203.5 of the South Florida Building Code. The Board is authorized to make interpretations of the Code's provisions where the Code is unclear and ambiguous. However, where the Code is clear and specific, the Code expressly prohibits the Board from granting variances. Section 203.5(1).

Section 4505.1(a) of the Code expressly states that "It shall be unlawful to do or commence to do any electrical work on a new installation of permanent or temporary wiring, any electrical apparatus or equipment or make extensions and/or changes to existing wiring systems for light, heat or power, upon premises, inside, outside and/or attached to buildings or structures of any character without having first filed application and obtained an electrical permit therefore from the Electrical Inspector." The provision is clear and unambiguous. The Board is therefore not authorized to make an interpretation of this provision.

The Board exceeded its authority by allowing the completion of the installation that had been commenced with an electrical permit as required by the Code.

The Board's Order of April 11, 1983, is quashed.